UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JESSE FRANK OGLESBY, | No. 2:18-cv-0113 KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis iswill be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

In the instant complaint, plaintiff names the Department of Corrections, Warden Eric Arnold, and an "unknown chair manufacturer" as defendants. He alleges that he was given a defective ADA shower chair on July 29, 2017, which caused him to fall while showering. He also contends the shower was not ADA compliant. Plaintiff alleges he suffered severe neurological injuries and pain which has exacerbated his underlying medical condition. Further, plaintiff alleges that correctional staff failed to respond to a fellow inmate's call of "man down," delaying medical care for his injuries, but then he was "only seen and sent back to [his] cell." (ECF No. 1 at 4.) Plaintiff suffered a headache and threw up all night. Plaintiff argues that he was not "sent out" to make sure he had not injured his head, neck and lower back, but then states he was "sent back from the hospital with left side weakness." (Id.)

IV. Discussion

Plaintiff's complaint suffers from a number of deficiencies.

A. Improper Defendants

First, plaintiff has named improper defendants. As to the Department of Corrections, the Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). In the instant case, the State of California has

not consented to suit. Accordingly, plaintiff's claims against the California Department of Corrections and Rehabilitation are legally frivolous and must be dismissed.

As to the warden, plaintiff alleges no facts connecting the warden to plaintiff's allegations. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

////

Finally, as to the "unknown chair manufacturer," such a defendant does not act under color of state law. Rather, if plaintiff wishes to pursue a negligence action against the chair manufacturer, he must do so in state court, not federal court.

B. Deliberate Indifference

1. Failure to Protect

It is unclear plaintiff can allege facts demonstrating deliberate indifference; rather, it appears he fell in the shower. Although showers and shower chairs may be ADA compliant, such compliance does not prevent a person from falling. It assists the person in not falling. But given the nature of showers, falling is always a risk. Plaintiff alleges no facts showing how the shower chair "caused" him to fall, and alleges no facts demonstrating that a particular person was aware the chair posed an unreasonable risk of substantial harm. In order to state a valid claim under § 1983, plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo, 423 U.S. at 371-72, 377.

Thus, it is unclear whether plaintiff can state a cognizable civil rights claim based on an allegation that defendants failed to protect plaintiff from the risk of falling in the shower, particularly where plaintiff was provided a shower chair to prevent such risk. However, in an abundance of caution, plaintiff is provided the following standards in the event he can allege facts demonstrating that a particular person was deliberately indifferent to a substantial risk of harm to plaintiff.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have an affirmative duty to protect inmates from violence at the hands of other inmates. See id. at 833. The failure of a prison official to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the objective component -- the deprivation alleged must be sufficiently serious, see Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); and (2) the subjective component -- the prison official must possess a sufficiently culpable state of mind.

See id. (citing Wilson, 501 U.S. at 297).

In determining whether a deprivation is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. Id. at 834 (citing Wilson, 501 U.S. at 298). With respect to the subjective component, the requisite state of mind depends on the nature of the claim. In prison conditions cases, the necessary state of mind is one of "deliberate indifference." See, e.g., Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (outdoor exercise); Farmer, 511 U.S. at 834 (inmate safety); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health); Wilson, 501 U.S. at 302-03 (general conditions of confinement).

"Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Deliberate indifference describes a more blameworthy state of mind than negligence. See Farmer, 511 U.S. at 835 (citing Estelle, 429 U.S. at 104). Negligence is not enough to amount to an Eighth Amendment violation. Farmer, 511 U.S. at 835. Deliberate indifference is not shown by merely stating that a defendant should have known of a risk, but requires an actual perception of a risk that does not exist merely because a reasonable person should have perceived a risk. Id. at 836.

### 2. Deliberate Indifference to Serious Medical Needs

In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong -- defendant's response to the need was deliberately indifferent -- is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). In addition, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi, 391 F.3d at 1058.

Finally, delays in providing medical care may manifest deliberate indifference. See Estelle, 429 U.S. at 104-05. However, to establish a deliberate indifference claim arising from a delay in providing medical care, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096.

Here, plaintiff was seen in medical following his fall; indeed, he was provided a neck brace. Moreover, at some point he went to the hospital, because he claims that when he was sent back from the hospital, he had left side weakness. Such allegations, without more, suggest plaintiff has a difference of opinion with prison medical staff as to the appropriate medical treatment he should have received. Such allegations fail to rise to the level of deliberate indifference.

////

////

C. Exhaustion of Administrative Remedies

In his complaint, plaintiff affirmatively states that he exhausted his administrative remedies as to claim one (failure to protect), but not to the highest level as to his second claim (medical deliberate indifference). (ECF No. 1 at 3, 4.) Plaintiff is cautioned that a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). Thus, if plaintiff prematurely files a claim in federal court before the administrative process is completed, plaintiff risks further delay in having his claim heard in federal court because the claim must be exhausted prior to filing the federal action.

V. Leave to Amend

For all of the above reasons, the court has determined that the complaint must be dismissed. The court will, however, grant leave to file an amended complaint

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes prior versions of the complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the forms necessary to file a prisoner civil rights complaint.

Dated: February 14, 2018

                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

/ogle0113.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JESSE FRANK OGLESBY, | No. 2:18-cv-0113 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____        Amended Complaint

_____
Plaintiff