UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE FRANK OGLESBY,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | No. 2:18-cv-0113 KJN P<br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. Eighth Amendment Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Rhodes, 452 U.S. at 346.  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical

care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000)[1] (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety. . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128. "'[T]he circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred.'" Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting Johnson, 217 F.3d at 731).

////

---

[1] Abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

3

The Eighth Amendment's reach extends to a prisoner's basic "sanitation." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). The right to "sanitation" includes the right to shower. See, e.g., Toussaint v. McCarthy, 801 F.2d 1080, 1110-11 (9th Cir. 1986), overruled in part on other grounds, Sandin, 515 U.S. at 472.

### A. Allegations re Policy

Plaintiff alleges that defendants Secretary of the California Department of Corrections, and Arnold, Warden of Mule Creek State Prison ("MCSP"), in their official capacities, are responsible for "promulgating, supervising promulgation of implementing, supervising the implementation of monitoring compliance with all court orders in enforcing the policies and procedures affecting medical care, and to assure all ADA compliance and equipment is safe and to maintain such products or equipment should be of good quality and check or monitor daily in or to maintain viability of its usefulness." (ECF No. 12 at 6.) Plaintiff contends such defendants failed to monitor and to assure that showers at Solano State Prison were within compliance and that they were safe or had safe ADA equipment to use in order to prevent injuries to plaintiff. (ECF No. 12 at 5, 6.)

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the alleged deprivation. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)); see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983").

////

Here, plaintiff fails to provide sufficient facts to demonstrate that his fall in the shower was caused by a policy or the lack of a policy. In an official capacity suit, plaintiff must demonstrate that a policy or custom was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991). In plaintiff's fifth claim, he alleges that the shower chair was defective or broke, suggesting that the defective shower chair was the cause of plaintiff's fall, not the lack of, or a deficient, policy. The undersigned finds plaintiff's allegations too vague and conclusory to state a cognizable claim against the Secretary of the CDCR or the Warden.

B. Plaintiff's Allegations re John and Jane Doe

Plaintiff also alleges that defendants John and Jane Doe failed to monitor or replace the "broken defective ADA shower chair" on July 29, 2017, and to report the same to his or her superiors, which caused plaintiff to fall and to suffer severe neurological injuries, in violation of the Eighth Amendment. But plaintiff does not allege that any named defendant was aware the shower chair was broken or defective before plaintiff fell.

Plaintiff's use of Doe defendants is problematic. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642). Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants.

C. Conclusion

Plaintiff fails to allege facts demonstrating that any defendant was aware of conditions causing a substantial risk of serious harm to plaintiff yet deliberately disregarded such risk. Thus, plaintiff's amended complaint is insufficient to state an Eighth Amendment claim for adverse conditions of confinement.

V. <u>Plaintiff's Eighth Amendment Medical Allegations</u>

Within claim III, and in claim IV, plaintiff alleges that defendant Dr. Harjeet Dhaliwal was called to prison on July 29, 2017, for an emergency due to plaintiff's fall. Plaintiff had fallen from a "broken defective ADA shower chair while using the shower" following his July 28, 2017 release from the hospital, where he suffered from hemiparesis which was partial paralysis on his left side. (ECF No. 12 at 7.) Plaintiff was returned to prison suffering from stroke-like symptoms, including left side weakness. The fall caused plaintiff to hit his head and neck and lower back causing plaintiff to be placed on a medical stretcher. Plaintiff alleges that Dr. Dhaliwal disregarded plaintiff's medical needs by "merely prescribing Tylenol and returning plaintiff to his cell." (ECF No. 12 at 8.) The next day, Sunday, July 30, 2017, plaintiff complained to an LVN about throwing up all night from neck and headache pain only to be told plaintiff would be seen on Monday. Plaintiff alleges that "defendant['s] deliberate indifference to the plaintiff['s] medical care placed the plaintiff in direct harm, where he was force[d] to suffer for three whole days of pain and night of throwing up." (ECF No. 12 at 8.)

A. <u>Legal Standards</u>

In the Ninth Circuit, a deliberate indifference medical claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong -- defendant's response to the need was deliberately indifferent -- is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

<u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

"Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id.</u> at 1057 (quoting <u>Farmer</u>, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated

6

the Eighth Amendment, no matter how severe the risk.'" Id. (quotation omitted). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Finally, delays in providing medical care may manifest deliberate indifference. See Estelle, 429 U.S. at 104-05. However, to establish a deliberate indifference claim arising from a delay in providing medical care, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096.

B. Discussion

Plaintiff's allegations are insufficient to demonstrate Dr. Dhaliwal's deliberate indifference. Plaintiff confirms that Dr. Dhaliwal treated plaintiff after the fall by prescribing Tylenol. Although plaintiff disagrees with the treatment Dr. Dhaliwal provided, such disagreement is insufficient to demonstrate deliberate indifference. As to the pain and vomiting plaintiff suffered in his cell thereafter, plaintiff alleges no facts demonstrating that Dr. Dhaliwal was aware of plaintiff's condition following plaintiff's return to his cell on July 29, 2017. Plaintiff alleges he told the LVN about his symptoms, but there is no indication that the LVN contacted Dr. Dhaliwal. Thus, plaintiff has again failed to allege sufficient facts stating a cognizable Eighth Amendment medical claim against Dr. Dhaliwal.

7

## VI. Unknown Chair Manufacturer

Plaintiff has again named the unknown chair manufacturer as a defendant. Plaintiff alleges such defendant contracted with Solano State Prison to provide ADA shower chairs, and violated the Eighth Amendment by providing a defective and unsafe chair which broke on July 29, 2017, causing plaintiff to fall and suffer severe neurological pain.

However, as plaintiff was previously informed, the "unknown chair manufacturer" is an improperly-named defendant.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In general, private conduct is presumed not to constitute governmental action. Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999). A litigant may overcome this presumption by, for example, demonstrating that (1) a private party is endowed with powers or functions that are traditionally and exclusively governmental in nature; (2) the state jointly participated in the challenged activity; (3) the state coerced or significantly encouraged a private party's conduct; or (4) there is such a close nexus between the state and the challenged activity that seemingly private conduct may be treated as that of the state. See id. at 835-36; see also Kirtley v. Rainey, 326 F.3d 1088, 1092-96 (9th Cir. 2003); Lee v. Katz, 276 F.3d 550, 554 (9th Cir. 2002).

A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)); see also Polk Cty. v. Dodson, 454 U.S. 312, 317-18 (1981) (a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing the 'undivided interests of his client,' [which] is essentially a private function . . . for which state office and authority are not needed.").

////

Here, plaintiff alleges no facts demonstrating that such defendant acted under color of state law. Plaintiff bears the burden of establishing that a defendant was a state actor. See <u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 156 (1978) ("only a State or a private person whose action 'may be fairly treated as that of the state itself,' . . . may deprive him of 'an interest encompassed within the Fourteenth Amendment's protection.") (citation omitted). Absent facts not alleged here, the undersigned concludes that the chair manufacturer was a private actor not acting under color of state law. <u>See, e.g.</u>, <u>Steading v. Thompson</u>, 941 F.2d 498, 499 (7th Cir. 1991) (tobacco company that sold products to the prison was not a state actor). Plaintiff should not include such defendant in any further amended pleading.

VII. <u>Leave to Amend</u>

For all of the above reasons, plaintiff's amended complaint must be dismissed. In an abundance of caution, plaintiff will be granted one final opportunity in which to file a second amended complaint that states a cognizable civil rights claim.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

As explained above, in order to state a cognizable Eighth Amendment conditions of confinement claim, plaintiff must allege facts showing that each defendant was aware of a substantial risk of serious harm to plaintiff and yet deliberately ignored or failed to reasonably respond to the risk, causing plaintiff harm.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VIII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 13, 2018

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ogel0113.14amd