UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE FRANK OGLESBY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | No.  2:18-cv-0113 KJM KJN P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On September 23, 2019, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

/////

In the process of reaching its conclusion, the court has carefully considered relevant authority with respect to slip and fall accidents in prisons.  The magistrate judge quotes *Pauley v. California*, which found courts "have reached this conclusion [regarding prisoners failing to state a constitutional claim for slip and fall accidents], even where the hazard has existed, and been known to prison officials, for years, and where the prisoner was required to use the dangerous location, such as a bathroom."  *Pauley v. California*, 2018 WL 5920780, at *4–5 (E.D. Cal. Nov. 13, 2018).  As the court in *Pauley* noted, the Ninth Circuit has held "'[s]lippery floors without protective measures could create a sufficient danger to warrant relief' where the plaintiff has some known exacerbating condition."  *Id.,* at *4 (quoting *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (denying summary judgment with respect to the claim of an inmate who had a broken leg, that prison officials did not take necessary measures to protect him when he was injured multiple times after slipping in shower)).  "While the Ninth Circuit has not provided further guidance on such additional requirement, a district court has concluded that 'the risk of harm turns into a substantial risk of serious harm somewhere between a bare claim of a slippery floor and a claim of a hazard plus some known exacerbating condition.'"  *Id.,* at *5 (quoting *Washington v. Sandoval*, 2012 WL 987291, at *8 (N.D. Cal. Aug. 6, 2012)).

As the finding and recommendations review, plaintiff has not pled facts similar to those underlying *Pauley*, *Frost* or *Washington*.  The lack of "further guidance on such additional requirement"—a claim involving an "exacerbating condition"—is a question an appellate court may at some point clarify.  But it does not allow plaintiff's complaint to survive here.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 23, 2019, are adopted in full;

2. Plaintiff's second amended complaint is dismissed without prejudice; and

3. The Clerk of the Court shall close this case.

DATED: September 7, 2020.

CHIEF UNITED STATES DISTRICT JUDGE